### WILSON and others vs. BROWN.

Brown and Demarest made a general assignment for the benefit of their credit-
ors.  Three of the complainants obtained a judgment against B. and D., and
indemnifying the sheriff, sold by execution the property which had
passed under the assignment.  The assignee recovered judgment against the
sheriff for a large amount.  Only one creditor applied to the assignee within
the three months limited by the statute, and that creditor was paid in full.
There was a large balance in the hands of the assignee, and of this B. and
D. made another assignment.  Creditors, after that, made application under
the first assignment, and the assignee, in his answer in this suit, admitted
that it was an unsettled question whether the creditors so applying were
entitled to be paid out of the fund in his hands, or whether such fund passed
under second assignment, and that it had been his intention, after he should
have collected the money due on the judgment against the sheriff, to apply
to this court for directions.  The complainants, as creditors, ask in this suit
the assistance of this court in the fulfilment of the trust, and having paid the
money due on the judgment against the sheriff into this court, obtained an
injunction restraining proceedings against that officer.
*Held,* that under the circumstances, the injunction should be retained, and that
the complainants, as creditors, had a right to invoke the aid of this court in
view of the embarrassments which surrounded the assignee.

A. O. *Zabriskie* moved to dissolve the injunction in this
case.

S. B. *Ransom* and I. W. *Scudder* argued against the
motion.

THE CHANCELLOR.  I cannot see the propriety of dis-
solving this injunction.  It appears to me, if the bill can
be maintained, the injunction ought to stand.

Brown and Demarest made a general assignment, under
the act, for the benefit of their creditors.  Wilson and
and two others of the complainants, as partners, had a
judgment and execution against Brown and Demarest.
They indemnified the sheriff, who, by their direction,
levied upon and sold the goods which had passed under
the assignment.  The assignee brought suit against the
sheriff, and recovered judgment for upwards of six thou-

sand dollars.  Wilson and his partners are creditors, to a large amount, of Brown and Demarest, and are entitled to the benefit of that assignment.  Only one creditor applied to the assignee within the three months limited by the statute, and that creditor was paid in full.  There was a balance left in the hands of the assignee, including the amount of the judgment against the sheriff, of upwards of eight thousand dollars.  Brown and Demarest then made another assignment of the surplus in the hands of the assignee.  Creditors, after that, made application under the first assignment, and a large number of creditors gave notice to the assignee that they claimed the right to be paid in full, or ratably, out of the surplus in his hands. The answer of Brown and Demarest and the assignee admits that it is a question about which counsel differ—whether the surplus of the estate under the first assignment, after payment of the debt of the creditor, who applied within the three months, and the expenses of the assignment, passed by the second assignment, or was held by the assignee as trustee for the creditors under the first assignment, who might, before the settlement of his final account, and the payment of the balance in his hands, apply to him for that purpose.  The answer further admits, that in consequence of the great embarrassments which surround the assignee, he had determined, as soon as he received the money due on the judgment against the sheriff, to file a bill in this court to enable him to execute his trust.

Now who can doubt that, under these circumstances, any one of the creditors of *Brown* and *Demarest* had as good right to invoke the aid of this court for the fulfilment of the trust as the trustee himself had ?  If the aid of this court is necessary for that purpose (and the answer admits it is), then the creditors were not bound to wait and see when and in what manner the assignee might see fit to come here.  The trust was created for their benefit, and if from any cause its execution has become

so embarrassed that the aid of this court is necessary, there is certainly nothing to prevent their becoming the actors, and instituting a suit for their own benefit.

Under these circumstances, Wilson & Co. were ready to pay to the assignee the amount of the judgment against the sheriff. As creditors of Brown and Demarest, they claim an interest in this money. The assignee is their trustee, as well as of the other creditors. Conflicting interests exist between these creditors. The assignee admits that doubts exist as to the rights of creditors under the assignment. What guaranty had Wilson & Co., if they paid the money to the assignee, that he would come to this court for the protection of the creditors? It appears to me they were right in filing this bill and in bringing the money into court.

Why should this injunction be dissolved? It only restrains the assignee from enforcing his judgment against the sheriff. But that money has been paid into this court, and is here for the assignor's benefit. If the injunction is dissolved, he can do no more than collect the money due on the judgment. Why should this court permit him to do this when the money is here for his benefit?

It is insisted that the assignee has a right to have the money in his own hands and under his control. This injunction does not prevent that. He may have the money for the asking. It is true the bill does pray for a receiver. But if the assignee has acted in good faith, and is not chargeable with any breach of his trust, the trust will not deprive him of his office or rights as trustee. It will simply direct him as to the manner of the execution of his trust.

It is further said that there is some expense attending the paying the money into court, &c., and that the fund should not be liable for the charge. That is a matter for future consideration. Who shall pay the costs attending the litigation, is a matter in the discretion of the court.

It is said, also, that the assignee will be embarrassed by

this proceeding, and that he should be permitted to file his bill, and bring in, as parties, all the creditors. Such an expense is altogether unnecessary. The court will provide a way, in this suit, to bring in all the creditors, if they choose to come, much better than by making them parties to the pleadings.

There are many reasons why it is much more for the interest of the creditors that they should be the *actors* rather than the defendants in this suit.

I think the motion should be denied.